| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| LAW OFFICES OF DANNY K. AGAI<br>Danny K. Agai, SBN: 275682<br>12501 Chandler Blvd, Suite 102<br>Valley Village, CA 91607<br>Phone: 818-724-4439<br>Email: dannyagai@gmail.com<br><br>☒ Attorney for: Debtors | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br>Gilda Noemi Sanchez & Cesar Jacobo Perez<br><br><br>Debtor(s). | CASE NO.: 8:17-bk-14446-CB<br>CHAPTER: 13<br><br>**NOTICE OF OBJECTION TO CLAIM**<br><br>DATE: 07/12/2018<br>TIME: 1:30 pm<br>COURTROOM: 5D<br>PLACE: 411 W. Fourth Street<br>           Santa Ana, CA 92701 |
|---|---|

1. TO (specify claimant and claimant's counsel, if any): <u>Deutsche Bank National Trust Company, as Certificate Trustee on Behalf of Bosco Credit II Trust Series 2010-1 and serviced by Franklin Credit Management Corporation</u>

2. NOTICE IS HEREBY GIVEN that the undersigned has filed an objection to your Proof of Claim (Claim #<u>1</u>_____) filed in the above referenced case. The Objection to Claim seeks to alter your rights by disallowing, reducing or modifying the claim based upon the grounds set forth in the objection, a copy of which is attached hereto and served herewith.

3. **Deadline for Opposition Papers**: You must file and serve a response to the Objection to Claim not later than 14 days prior to the hearing date set forth above.

**IF YOU FAIL TO TIMELY RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE OBJECTION WITHOUT FURTHER NOTICE OR HEARING.**

Date: <u>06/13/2018</u>

<u>Law Offices of Danny K. Agai</u>
Printed name of law firm

<u>/s/ Danny K. Agai</u>
Signature

Date Notice Mailed: <u>06/13/2018</u>

<u>Danny K. Agai</u>
Printed name of attorney for objector

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012            Page 1            F 3007-1.1.NOTICE.OBJ.CLAIM

**LAW OFFICES OF DANNY K. AGAI**
Danny K. Agai, SBN: 275682
12501 Chandler Blvd, Suite 102
Valley Village, CA 91607
Phone: 818-724-4439
Email: dannyagai@gmail.com

Attorney for Debtor(s):
**GILDA NOEMI SANCHEZ & CESAR JACOBO PEREZ**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISON

| | |
|---|---|
| In re, | Case No.: 8:17-bk-14446-CB |
| **GILDA NOEMI SANCHEZ & CESAR JACOBO PEREZ**, | Chapter 13 |
| Debtor(s). | **DEBTORS' MOTION FOR ORDER DISALLOWING CLAIM FILED BY DEUTSCHE BANK NATIONAL TRUST COMPANY, AS CERTIFICATE TRUSTEE ON BEHALF OF BOSCO CREDIT II TRUST SERIES 2010-1 AND SERVICED BY FRANKLIN MANAGEMENT CORPORATION, [CLAIM NO.: 1]; DECLARATION OF ATTORNEY DANNY K. AGAI AND EXHIBITS** |
| | Date: 7/12/2018<br>Time: 1:30 pm<br>Courtroom: 5D<br>Place: 411 W. Fourth St, Santa Ana CA 92701 |

//
//
//
//

1

**DEBTORS' MOTION FOR ORDER DISALLOWING CLAIM FILED BY DEUTSCHE BANK NATIONAL TRUST COMPANY, AS CERTIFICATE TRUSTEE ON BEHALF OF BOSCO CREDIT II TRUST SERIES 2010-1 AND SERVICED BY FRANKLIN MANAGEMENT CORPORATION, [CLAIM NO.: 1]; DECLARATION OF ATTORNEY DANNY K. AGAI AND EXHIBITS**

TO THE HONORABLE JUDGE CATHERINE BAUER; CHAPTER 13 TRUSTEE, AMRANE COHEN; DEUTSCHE BANK NATIONAL TRUST COMPANY, AS CERTIFICATE TRUSTEE ON BEHALF OF BOSCO CREDIT II TRUST SERIES 2010-1 AND SERVICED BY FRANKLIN MANAGEMENT CORPORATION AND ANY INTERESTED PARTIES:

PLEASE TAKE NOTICE that the Debtors, Gilda Noemi Sanchez & Cesar Jacobo Perez (hereinafter referred to as "Debtors"), hereby object to the Claim filed November 29, 2017 as Claim No.: 1 filed by Deutsche Bank National Trust Company, as Certificate Trustee on behalf of Bosco Credit II Trust Series 2010-1 and serviced by Franklin Credit Management Corporation (hereinafter referred to as "Creditor") in the amount of $224,148.92, pending resolution of the adversary proceeding filed by Creditor against Ocwen Loan Servicing, LLC/Deutsche Bank National Trust Company, as Trustee for IndyMac INDX Mortgage Loan Trust 2006-AR25, Mortgage Pass-Through Certificates Series 2006-AR25 (hereinafter referred to as "Ocwen") for Declaratory Judgment in determining which deed of trust is in first position.

For the foregoing reasons, as well as those set forth in the Memorandum of Points and Authorities and Declaration of Attorney Danny K. Agai, the Debtors respectfully request that the Court sustain their objection and deny/disallow Claim No. 1. A copy of Proof of Claim No. 1 submitted by Creditor is attached as Exhibit "1" and incorporated herein by reference.

Dated: 6/13/2018

LAW OFFICES OF DANNY K. AGAI

By: *Danny Agai*
Danny K. Agai
Attorney for Debtors
Gilda Noemi Sanchez
Cesar Jacobo Perez

DEBTORS' MOTION FOR ORDER DISALLOWING CLAIM FILED BY DEUTSCHE BANK NATIONAL TRUST COMPANY, AS CERTIFICATE TRUSTEE ON BEHALF OF BOSCO CREDIT II TRUST SERIES 2010-1 AND SERVICED BY FRANKLIN MANAGEMENT CORPORATION, [CLAIM NO.: 1]; DECLARATION OF ATTORNEY DANNY K. AGAI AND EXHIBITS

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. FACTS

The Debtors filed a chapter 13 bankruptcy petition on November 12, 2017. The Debtors chapter 13 plan has not been confirmed yet. The Creditor filed its Proof of Claim as Claim No. 1 on November 29, 2017 in the amount of $224,148.92.

On January 30, 2018, the Debtors filed a Motion to Avoid Junior Lien held by Creditor. This Motion is pending and set for hearing on June 14, 2018.

On February 22, 2018, the Creditor filed its opposition to the Debtors' Motion to Avoid Lien alleging that the Debtors' evidence cannot be admitted; that the appraisal is insufficient to support the purported value and mainly that all or a portion of the Ocwen Loan is subordinate as a result of a loan modification.

On March 6, 2018, the Creditor filed an adversary proceeding against Ocwen Loan Servicing, LLC as case number 8:17-ap-01055-CB for Declaratory Judgment asking the court to determine that all or a portion of Ocwen's loan is subordinate to Creditor's loan.

## II. OBJECTIONS

### a. The Burden Of Proof Has Not Been Met

The claimant has the ultimate burden of proof regarding allowance of its claim. Pursuant to section 502(a) of the Bankruptcy Code, a claim or interest is deemed allowed unless a party in interest objects. Pursuant to Rule 3001(f), a properly executed and filed proof of claim is endowed with a *prima facie* evidentiary effect. The objecting party bears that initial burden of proof to overcome the presumed validity and amount of the claim; however, that burden is easily satisfied. (Connecticut Gen. Life Ins. V. Schaumberg Hotel Owner Ltd. P'ship 97 B.R. 943)

Once the objecting party has met the initial burden of overcoming the prima facie validity of the claim, the claimant then must prove the claim. (In re Beverages Int'l Ltd. 50 B.R. 273 ; In re Greene 71 B.R. 104 ; In re Ousley 92 B.R. 278).

DEBTORS' MOTION FOR ORDER DISALLOWING CLAIM FILED BY DEUTSCHE BANK NATIONAL TRUST COMPANY, AS CERTIFICATE TRUSTEE ON BEHALF OF BOSCO CREDIT II TRUST SERIES 2010-1 AND SERVICED BY FRANKLIN MANAGEMENT CORPORATION, [CLAIM NO.: 1]; DECLARATION OF ATTORNEY DANNY K. AGAI AND EXHIBITS

The objecting party is not required to disprove the claim. (In re Khan 114 B.R. 40) The objecting party only has the initial burden of producing facts sufficient to demonstrate that an actual dispute regarding the validity or amount of the claim exists. (In re Hydorn 94 B.R. 608) The burden of persuasion is always on the claimant to establish its entitlement to the claim. (In re Holm 931 F.2d 620,623 1991)

Here, the Creditor has not yet established that their loan is partly secured and the court has not determined that all or a portion of Ocwen's loan is subordinate to Creditor's loan.

In addition, the Debtors filed a previous chapter 13 case as case number 8:17-bk-11053-CB in which the Debtors also filed a Motion to Avoid the Creditor's Lien; in that case, the Debtors and Second Lien holder agreed and stipulated to avoid Creditor's lien based on the value of the Debtors' home at the time of the bankruptcy filing. The value of the Debtors' home in this case is similar to the value of their home in the Debtors' previous bankruptcy case. The Creditor in that case did not allege that their lien was partly secured or that a portion of Ocwen's lien was subordinate to Creditor.

### III. CONCLUSION

Because the Court has not made a determination on the adversary proceeding filed by Creditor against the first mortgage lender, the Debtors respectfully request that the Court disallow Claim No.: 1 or in the alternative direct the Creditor to amend its claim to reflect the correct arrearage amount.

Dated 6/13/2018

LAW OFFICES OF DANNY K. AGAI

By: *(signature)*
Danny K. Agai
Attorney for Debtors
Gilda Noemi Sanchez
Cesar Jacobo Perez

4

## DECLARATION OF ATTORNEY DANNY AGAI IN SUPPORT OF OBJECTION

I, Danny K. Agai, hereby declare the following:

1. I am an attorney duly licensed to practice in the State of California and before this honorable Court.
2. I am the attorney of record for the above-named Debtors.
3. On November 12, 2017, I filed a Chapter 13 bankruptcy case on behalf of the Debtors and was assigned case number 8:17-bk-14446-CB.
4. A Proof of Claim was filed by Deutsche Bank National Trust Company, as Certificate Trustee on behalf of Bosco Credit II Trust Series 2010-1 and serviced by Franklin Credit Management Corporation ("Creditor") as Claim No.1 in the amount of $224,148.92.
5. On January 30, 2018, the Debtors filed a Motion to Avoid Junior Lien held by Creditor. This Motion is currently pending and set for hearing on June 14, 2018.
6. On February 22, 2018, the Creditor filed its opposition to the Debtors Motion to Avoid Lien alleging that the Debtor's evidence cannot be admitted; that the appraisal is insufficient to support the purported value and mainly that the portion of the portion of the Ocwen Loan as a result of a loan modification is subordinate.
7. On March 6, 2018, the Creditor filed an adversary proceeding against Ocwen Loan Servicing, LLC as case number 8:17-ap-01055-CB for Declaratory Judgment asking the court to determine that all or a portion of Ocwen's loan is subordinate to Creditor's loan.
8. As of the date of this declaration, the Court has not determined whether Ocwen's loan is subordinate to Creditor's loan.
9. In addition, the Debtors filed a previous chapter 13 case as case number 8:17-bk-11053-CB in which the Debtors also filed a Motion to Avoid the Creditor's Lien; in that case, the Debtors and Second Lien holder agreed and stipulated to avoid Creditor's lien based on the value of the Debtors' home value at the time of the bankruptcy filing, which is similar to the value of the Debtors' home in this bankruptcy case. The Creditor in that

5

DEBTORS' MOTION FOR ORDER DISALLOWING CLAIM FILED BY DEUTSCHE BANK NATIONAL TRUST COMPANY, AS CERTIFICATE TRUSTEE ON BEHALF OF BOSCO CREDIT II TRUST SERIES 2010-1 AND SERVICED BY FRANKLIN MANAGEMENT CORPORATION, [CLAIM NO.: 1]; DECLARATION OF ATTORNEY DANNY K. AGAI AND EXHIBITS

case did not allege that their lien was partly secured or that a portion of Ocwen's lien was subordinate to Creditor.

I declare under penalty of perjury under the laws of the United States of America that the forgoing is true and correct.

Dated: 6/13/2018

*Danny K. Agai* (signature)
Danny K. Agai

DEBTORS' MOTION FOR ORDER DISALLOWING CLAIM FILED BY DEUTSCHE BANK NATIONAL TRUST COMPANY, AS CERTIFICATE TRUSTEE ON BEHALF OF BOSCO CREDIT II TRUST SERIES 2010-1 AND SERVICED BY FRANKLIN MANAGEMENT CORPORATION, [CLAIM NO.: 1]; DECLARATION OF ATTORNEY DANNY K. AGAI AND EXHIBITS

EXHIBIT "1"

| Fill in this information to identify the case: | |
|---|---|
| Debtor 1 | Gilda Noemi Sanchez |
| Debtor 2 (Spouse, if filing) | Cesar Jacobo Perez |
| United States Bankruptcy Court for the: | Central District of California |
| Case number | 8:17-bk-14446-CB |

Official Form 410

# Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1: Identify the Claim

**1. Who is the current creditor?**
Deutsche Bank National Trust Company, as Certificate Trustee on Behalf of Bosco Credit II Trust Series 2010-1
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**
☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**
Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Franklin Credit Management Corporation
Name
PO Box 2301
Number    Street
Jersey City          NJ       07303-2301
City                 State    ZIP Code

Contact phone 800-255-5897
Contact email bk.info@franklincredit.com

Where should payments to the creditor be sent? (if different)

Franklin Credit Management Corporation
Name
PO Box 829629
Number    Street
Philadelphia         PA       19182-9629
City                 State    ZIP Code

Contact phone 800-255-5897
Contact email bk.info@franklincredit.com

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ — __ __ __ __ — __ __ __ __ — __ __ __ __

**4. Does this claim amend one already filed?**
☑ No
☐ Yes. Claim number on court claims registry (if known) _____  Filed on _____
                                                                  MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☑ No
☐ Yes. Who made the earlier filing? _____

Official Form 410                              Proof of Claim                                  page 1

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**
☐ No
☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: 5 2 7 9

**7. How much is the claim?** $ 224,148.92. Does this amount include interest or other charges?
☐ No
☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**
Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.
Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).
Limit disclosing information that is entitled to privacy, such as health care information.

Money Loaned

**9. Is all or part of the claim secured?**
☐ No
☑ Yes. The claim is secured by a lien on property.

**Nature of property:**
☑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
☐ Motor vehicle
☐ Other. Describe: 110 South Jeanine Way, Anaheim, CA 92806

**Basis for perfection:** Recorded Deed of Trust
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property: $
Amount of the claim that is secured: $ 224,148.92
Amount of the claim that is unsecured: $ _____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition: $ 224,148.92

**Annual Interest Rate** (when case was filed) 7.400 %
☑ Fixed
☐ Variable

**10. Is this claim based on a lease?**
☑ No
☐ Yes. Amount necessary to cure any default as of the date of the petition.  $ _____

**11. Is this claim subject to a right of setoff?**
☑ No
☐ Yes. Identify the property: _____

| | | |
|---|---|---|
| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? <br><br> A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☑ No <br> ☐ Yes. *Check one:* | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  11/28/2017
                  MM / DD / YYYY

/s/ Michelle R. Ghidotti-Gonsalves
Signature

**Print the name of the person who is completing and signing this claim:**

Name          Michelle R. Ghidotti-Gonsalves
              First name        Middle name         Last name

Title         Authorized Agent for Creditor

Company       The Law Offices of Michelle Ghidotti
              Identify the corporate servicer as the company if the authorized agent is a servicer.

Address       5120 E. La Palma Ave., Ste. 206
              Number       Street
              Anaheim Hills                    CA      92807
              City                             State   ZIP Code

Contact phone 949-354-2601         Email  mghidotti@ghidottilaw.com

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**12501 Chandler Blvd, Suite 102, Valley Village CA 91607.**

A true and correct copy of the foregoing document entitled (*specify*): **DEBTORS' MOTION FOR ORDER DISALLOWING CLAIM FILED BY DEUTSCHE BANK NATIONAL TRUST COMPANY, AS CERTIFICATE TRUSTEE ON BEHALF OF BOSCO CREDIT II TRUST SERIES 2010-1 AND SERVICED BY FRANKLIN MANAGEMENT CORPORATION, [CLAIM NO.: 1]; DECLARATION OF ATTORNEY DANNY K. AGAI AND EXHIBITS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) __6/13/2018__, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Amrane (SA) Cohen (TR): efile@ch13ac.com
Michelle R Ghidotti: mghidotti@ghidottilaw.com
Sean C Ferry: sferry@ecf.courtdrive.com
Nichole Glowin: nglowin@wrightlegal.net
Kristin A Zilberstein: kzilberstein@ghidottilaw.com
Michelle R Ghidotti : mghidotti@ghidottilaw.com
United States Trustee (SA): ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) __6/13/2018__, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Honorable Judge
Catherine Bauer
411 West Fourth Street, Suite 5165
Santa Ana, CA 92701

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 6/13/2018 | Dennis Peters | /s/ |
|---|---|---|
| Date | Printed Name | Signature |

**DEBTORS' MOTION FOR ORDER DISALLOWING CLAIM FILED BY DEUTSCHE BANK NATIONAL TRUST COMPANY, AS CERTIFICATE TRUSTEE ON BEHALF OF BOSCO CREDIT II TRUST SERIES 2010-1 AND SERVICED BY FRANKLIN MANAGEMENT CORPORATION, [CLAIM NO.: 1]; DECLARATION OF ATTORNEY DANNY K. AGAI AND EXHIBITS**

**Service List**

Franklin Credit Management Corporation
PO Box 2301
Jersey City, NJ 07303

*USPS Tracking No. 7015 3010 0001 1749 3787*
CSC Lawyers Incorporating Service
c/o Franklin Management Corporation
2710 Gateway Oaks Drive
Suite 150N
Sacramento, CA 95833

*USPS Tracking No.*
Franklin Credit Management Corporation
Attn: Officer/CEO
101 N. Hudson Street
25th Floor
Jersey City, NJ 07302

The Law Offices of Michelle Ghidotti
1920 Old Tustin Avenue
Santa Ana, CA 92705

**DEBTORS' MOTION FOR ORDER DISALLOWING CLAIM FILED BY DEUTSCHE BANK NATIONAL TRUST COMPANY, AS CERTIFICATE TRUSTEE ON BEHALF OF BOSCO CREDIT II TRUST SERIES 2010-1 AND SERVICED BY FRANKLIN MANAGEMENT CORPORATION, [CLAIM NO.: 1]; DECLARATION OF ATTORNEY DANNY K. AGAI AND EXHIBITS**